UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                         (973) 645-4693
BANKRUPTCY JUDGE                                       Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **JULY 20, 2010**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ Ronnie Plasner,
> DEPUTY

July 20, 2010

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Wasserman, Jurista & Stolz, P.C.            McNally & Associates, L.L.C.
Leonard C. Walczyk, Esq.                    Stephen B. McNally, Esq.
225 Millburn Avenue – Suite 207             93 Main Street
Millburn, New Jersey 07041                  Newton, New Jersey 07860
*Counsel for Plaintiff*                     *Counsel for Debtor/Defendant*

Re:    **Einhorn, Harris, Ascher, Barbarito & Frost, P.C. v. Hernandez**
       **Adversary Proceeding No. 10-1283 (DHS)**

Dear Counsel:

   Before the Court are the Debtor/Defendant's motion to dismiss this adversary proceeding and the Plaintiff/Creditor's cross-motion for summary judgment. The Plaintiff law firm, Einhorn, Harris, Ascher, Barbarito & Frost, P.C. ("Plaintiff"), represented the former spouse of Waldo M. Hernandez ("Debtor") in protracted divorce litigation. The instant adversary

Page 2
July 20, 2010

proceeding arises from an order of the matrimonial court, which directed the Debtor to pay a portion of his former spouse's legal fees. The Plaintiff seeks a determination that the fee award is nondischargeable pursuant to § 523(a)(5) or (15) of the Bankruptcy Code. The Debtor has moved to dismiss the complaint, arguing *inter alia* that the debt is not owed to his former spouse and, therefore, § 523(a)(5) and (15) do not apply. The Plaintiff opposes the motion to dismiss and has cross-moved for summary judgment. For the reasons that follow, the Court denies the Debtor's motion to dismiss the adversary complaint and grants the Plaintiff's motion for summary judgment.

The Court has jurisdiction over these motions pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### **FACTS**

The Debtor and his former spouse, Monica Cifuentes ("Cifuentes"), obtained a dual judgment of divorce by an order entered in the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, docket number FM-19-511-07, on January 30, 2009. (Pl.'s Stmt. Pursuant to L. Dist. R. 56.1 in Supp. of Cross-Mot. for Summ. J. ("Pl.'s R. 56.1 Stmt.") ¶ 4, Ex. A ("Divorce J.").) The judgment of divorce reserved on the issue of counsel fees and authorized either party to file attorney certifications addressing fees. (Divorce J. ¶ 24.) After a trial, the matrimonial judge entered an order and a statement of reasons on March 9, 2009, directing the Debtor to pay Cifuentes $31,625.75 for her attorneys' fees and costs. (Pl.'s R. 56.1 Stmt. ¶ 5, Exs. B ("Fee Order"), C ("Stmt. of Reasons").) The matrimonial judge succinctly stated his justification for the fee award as follows:

> In short, it was a combination of [the Debtor's] bad faith; renunciation of prior agreements; underemployment; and inability to convey his position on a variety of issues before and through trial that resulted in the necessity for a trial and the length of the trial once it began. It is simply unfair to require [Cifuentes] to pay her entire legal bill, much of which was generated due to the [Debtor's] actions or inactions.

(Stmt. of Reasons 3.) Ultimately, the matrimonial judge reduced the fee award to $18,028.95. (Pl.'s R. 56.1 Stmt. ¶ 8, Ex. D.)

On November 30, 2009, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. On February 22, 2010, the Plaintiff commenced the instant adversary proceeding by filing a single-count complaint seeking to have the fee award declared nondischargeable pursuant to § 523(a)(5) and (15) of the Bankruptcy Code. (Compl.) On

Page 3
July 20, 2010

March 25, 2010, the Debtor moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the fee award does not qualify as an exception to discharge under § 523(a)(5) or (15). (Mot. to Dismiss.) Plaintiff opposes the motion to dismiss and has cross-moved for summary judgment. (Plf.'s Opp'n and Cross-Mot.) As of the motion date, the Debtor had not made any payments against the award. (*Id.* at ¶ 9.)

## DISCUSSION

### I.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, governs motions to dismiss for failure to state a claim. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). A complaint "'does not need detailed factual allegations'" to survive a 12(b)(6) motion; Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002).

However, a plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 550 U.S. at 555. Thus, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombley*, 550 U.S. at 555 n.3. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (explicitly rejecting the passage in *Conley* that 12(b)(6) dismissal is appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element. *Phillips*, 515 F.3d at 234 (quoting *Twombley*, 550 U.S. at 556).

### II.    Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty*

Page 4
July 20, 2010

*Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried or where the moving party is not entitled to a judgment as a matter of law.

Page 5
July 20, 2010

### III.     Nondischargeability Under § 523(a)(15)

Section 523(a)(15) excepts from discharge any debt

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or order of a court of record, or a determination made in accordance with state or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

The Debtor primarily relies on *Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761 (Bankr. N.D.T.X. 2007) for the proposition that a matrimonial fee award is not a debt to the former spouse and that the Plaintiff law firm lacks standing. However, the Debtor's reliance on *Brooks* is mislaid.

In *Brooks*, the plaintiff law firm intervened in the divorce action and recovered separate and distinct fee awards against each of the former spouses. *Brooks*, 371 B.R. at 762. Neither spouse was liable to the firm for the other's portion of the award, nor were they liable to each other. *Id.* Therefore, under the particular facts in *Brooks*, the relevant debt was only owed to the law firm and there was no liability to the former spouse. *Id.* at 768.

The Debtor mistakenly argues that, as in *Brooks*, "[h]ere, the obligation is exclusively to the Plaintiff [law firm]." (Debtor's Brf. 7.) This is simply not true. In the instant case, the matrimonial court ordered that "the defendant pay plaintiff [Cifuentes] for attorneys fees and costs." (Fee Award 2.) Thus, the debt at issue in this case is, indeed, one owed to the former spouse.

In addition to being factually distinguishable from the case at bar, *Brooks* also conflicts with persuasive authority from this district. Under similar facts, Judge Kaplan of this district held that an award of attorneys' fees ordered payable directly to a former spouse's law firm was nondischargeable under § 523(a)(15). *Clair Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406 (Bankr. D.N.J. 2009). The *Prensky* court conducted an exhaustive examination of the legislative history of § 523(a)(15) and the conflicting case law from other districts and held that "the Debtor's obligation to pay the attorneys' fees [did] not evaporate simply because the trial court attempted to coordinate a more expeditious method of payment." *Id.* at 411.

Although this Court finds *Prensky* to be persuasive, the instant case fits squarely within the plain text of § 523(a)(15) and, therefore, requires no inferences to be drawn from the legislative history. Here, the debt is one "to a former spouse . . . incurred by the debtor in the

Page 6
July 20, 2010

course of a divorce." 11 U.S.C. § 523(a)(15). Consequently, the Court holds that the fee award in the amount of $18,028.95 is nondischargeable pursuant to § 523(a)(15).

The Court further holds that there is no explicit or implied bar that prevents the Plaintiff law firm from pursuing this action. Whereas § 523(a)(5) places limitations on assignment of the debt, § 523(a)(15) contains no such restrictions, nor does it restrict standing to pursue the nondischargeability action solely to the former spouse. Additionally, allowing the former spouse's counsel to pursue this action best serves the judicial intent of the fee award and the legislative intent of § 523(a)(15). The matrimonial court's statement of reasons makes it abundantly clear that the purpose of the fee award was to shift the cost of the frivolous and wasteful litigation tactics employed by the Debtor from Cifuentes to him. And, the exceptions from discharge in § 523 represent a Congressional determination that debtors must not be allowed to escape liability for certain debts and certain creditors' right to payment outweighs a debtor's right to receive a fresh start. Allowing the Plaintiff to pursue this action rather than requiring Cifuentes to incur additional litigation costs most efficiently serves both goals.

Lastly, for the first time during oral argument, both parties raised the possibility that the debtor might convert to chapter 13. Because a debtor can discharge a debt in chapter 13 that is otherwise nondischargeable under § 523(a)(15), the parties requested an alternative ruling as to § 523(a)(5). Having found the debt nondischargeable under § 523(a)(15), the Court declines to render what is essentially an advisory opinion as to § 523(a)(5). This ruling is without prejudice for the Plaintiff to seek a determination as to § 523(a)(5) in the event that the Debtor converts to chapter 13 and attempts to discharge this debt.

## **CONCLUSION**

For the reasons stated herein, the Debtor's motion to dismiss is denied. Summary judgment is granted in favor of the Plaintiff declaring that the fee award in the amount of $18,028.95 is excepted from the Debtor's discharge pursuant to § 523(a)(15).

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                Very truly yours,

                *Donald H. Steckroth*

                DONALD H. STECKROTH
                UNITED STATES BANKRUPTCY JUDGE

Enclosure